Chief Judge Fuld
(concurring). It is clear, and becoming ever more evident, that the conditions responsible for delay in the trial of cases are not capable of being remedied by action on the part of the courts or district attorneys alone. “ [I]t is the responsibility of the State, or of its subdivisions, to do what is necessary — by furnishing funds, facilities and personnel— to assure the effective operation of the judicial system, and that burden may not be shifted to the defendant. The rule is simply stated: constitution and statutes mandate a speedy trial, and it is incumbent on the State to provide it.” So I wrote in dissent in People v. Ganci (27 N Y 2d 418, 431), and so I still believe. Indeed, I am heartened by Mr. Justice White’s recent observation, in the course of his concurring opinion in Barker v. Wingo (407 U. S. 514, 538), that “ unreasonable delay in run-of-the-mill criminal cases cannot be justified by simply asserting that the public resources provided by the State’s criminal-justice system are limited and that each case must await its turn. As the Court points out, this approach also subverts the. State’s own goals in seeking to enforce its criminal laws. ”
Nevertheless, although I would be inclined to grant the relief sought by the appellants (see CPL 30.20, 30.30), I am constrained by this court’s determination in People v. Ganci (27 N Y 2d 418, supra) to join in the decision now being made.
*505 Judges Burke, Bkeitel, Jasen, Gabrielli, Jones and Wachtler concur in Per Curiam opinion; Chief Judge Fuld concurs in a separate opinion.
Orders modified, without costs, and matters remitted to the' Appellate Division for further proceedings in accordance with the opinion herein and, as so modified, affirmed.